IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MITRI HABASH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil No.  L-04-2338 |
| v. | * | |
| | * | |
| CITY OF SALISBURY, | * | |
| MARYLAND, et al., | * | |
| | * | |
| Defendants. | * | |

******

**MEMORANDUM**

This is a civil rights suit.  Plaintiff Mitri Habash contends that Defendants drove his nightclub, Club Vissage, out of business because the club's clientele was predominantly black.  Pending is Habash's Motion to Reinstate Club Vissage, Inc. as a plaintiff.  For the reasons stated below, the Court will grant the motion.

**I.    BACKGROUND**

When the instant suit was filed on July 21, 2004, both Habash and Club Vissage, Inc. (the "Corporation") were plaintiffs.  On February 4, 2006, their attorney moved to withdraw.  When the Court granted the motion, it advised Habash that he could represent himself.  The Court warned, however, that under the Local Rules a corporation must be represented by counsel.  L.R. 101.1(a).  The Court gave Habash sixty days to find new counsel, stating that the Corporation would be dismissed as a party if he were unsuccessful.

Habash was unable to find new counsel by the deadline and requested more time.  After four more months had passed, the Court dismissed the Corporation, which remained unrepresented, without prejudice.

Habash, who was proceeding pro se, missed discovery deadlines. At a March 8, 2007 discovery hearing, Habash advised the Court that he had, at last, located counsel. Michael Eisenberg, Esq. entered his appearance on March 26, 2007.

On April 26, 2007, Habash filed the instant motion to reinstate the Corporation as a party plaintiff, arguing that (i) Federal Rule of Civil Procedure 15 provides that leave to amend shall be freely given when justice so requires, and (ii) Federal Rule of Civil Procedure 20 authorizes the joinder of the Corporation. Habash also contended that the statute of limitations had not yet expired, meaning that the Corporation could have filed a new suit against defendants.

Defendants opposed the motion, arguing that they would be prejudiced if the Corporation's claims against them were revived. They also argued that adding the Corporation would be futile because the statute of limitations had run on its claims.

## II.   ANALYSIS

### A.   Federal Rules of Civil Procedure 15 and 20 Permit Club Vissage to Rejoin This Action

Although Habash's motion is styled a Motion to Reinstate, it is properly considered a Motion for Leave to File an Amended Complaint to add a party. Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Courts in this circuit and elsewhere have consistently held that leave to amend should be granted "absent bad faith, undue prejudice to the opposing party, or futility of amendment." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

It is "implicit in Rule 15 that a plaintiff may amend his complaint only to add matters that would have been proper to include in the original complaint." Cunningham v. Flowers, 218 F.R.D. 453, 454 (D. Md. 2003) (quoting Martinez v. Safeway Stores, Inc., 66 F.R.D. 446, 448

2

(N.D. Cal. 1975)). The Corporation was originally a party, so this requirement is met.

The Corporation's return to this action is also permitted under Rule 20, which governs the permissive joinder of parties. See Cunningham, 218 F.R.D. at 454 ("[W]hen a court is faced with a motion to amend that seeks to join additional plaintiffs, the court must consider not only the liberal amendment provisions of Rule 15(a), but also the 'more specific joinder provisions of Rule 20(a).'") (quoting Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir.2001)). For a plaintiff to be added to an ongoing lawsuit, the proposed additional plaintiffs must have claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the plaintiffs. FED. R. CIV. P. 20(a). This requirement is met because the facts alleged to support the Corporation's claims are identical to those underlying Habash's claims.

### B. The Proposed Amendment Relates Back to the Original Complaint

Defendants argue that the Corporation's claims do not relate back to the date of the original Complaint and are, therefore, barred by the three-year statute of limitations. Pointing to the language of Rule 15(c)(3), Defendants contend that relation back only concerns amendments that "change[] the party . . . *against whom* a claim is asserted."

This argument is unavailing. Although the relation back of amendments adding plaintiffs is not expressly addressed in Rule 15(c), courts in this circuit and elsewhere have held that the relation back principles authorizing a change in defendants apply with equal weight to a change in plaintiffs. See SMS Fin. Ltd. Liab. Co. v. ABCO Homes, Inc., 167 F.3d 235, 245 (5th Cir. 1999) ("[W]e have consistently applied Rule 15(c) criteria to amendments changing plaintiffs."); Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 103 (1st Cir. 1979) (allowing amendment

3

adding plaintiff to relate back where new plaintiff and original plaintiff were closely related in business enterprise); <u>Wassel v. Eglowsky</u>, 399 F.Supp. 1330, 1335 n.1 (D. Md. 1975) (where additional plaintiff's claims arose out of the conduct set forth in original pleading and defendant was fully apprised of claim and had prepared to defend the action against him, "pursuant to Federal Civil Rule 15(c), the amendment relates back to the date of the original pleading even though it adds a new plaintiff").[1] The Corporation's claims relate back to the date of the original Complaint.

### C. Defendants Are Not Prejudiced By the Corporation's Return to this Suit

Adding the Corporation does not alter the scope of the case. The Corporation and Habash are making the same claims and are relying on the same evidence. Moreover, Defendants were aware of the Corporation's claims against them by virtue of the original Complaint. Allowing the amendment works no prejudice to Defendants. <u>Kansa Reinsurance v. Congressional Mortgage Corp.</u>, 20 F.3d 1362, 1366-67 (5th Cir.1994) (finding no prejudice where defendants were "sufficiently put on notice of facts and claims which may give rise to future related claims").

Nevertheless, the time required for Habash to obtain replacement counsel has substantially delayed this case. Plaintiffs are, therefore, obliged to prosecute this case

---

[1] <u>See also</u> <u>In re Cherry</u>, Bankr. No. 05-44629, 2006 WL 3088212 (Bankr. S.D. Tex. Oct. 25, 2006) ("The relation back of amendments to changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier."); 6A Charles A. Wright, et al., Fed. Prac. & Proc. Civ. 2d § 1501 ("Although Rule 15(c) does not expressly apply to a new pleading adding or dropping plaintiffs, the Advisory Committee Note to the 1966 amendment of the rule indicates that . . . the approach adopted in Rule 15(c) toward amendments affecting defendants extends by analogy to amendments changing plaintiffs.").

expeditiously.

## III.    CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT Habash's Motion to Reinstate.

Dated this 7th day of August, 2007.

_____/s/_____
Benson Everett Legg
Chief Judge

5